FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 06, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALI ABED YASER (01),<br>HUSSEIN A. YASIR (02),<br>INSAF A. KARAWI (03),<br>HASANEIN A. YASER (04),<br>NOOR TAHSEEN AL-MAAREJ (09),<br>AMEER R. MOHAMMED (13),<br>MOHAMMED F. AL-HIMRANI (14),<br>MARIA ELENA SANCHEZ (15),<br>KHALIL ABDUL-RAZAQ (20),<br>JESUS GEORGE SANCHEZ (21), and<br>MOHAMMED NAJI AL-JIBORY (23),<br><br>Defendants. | No.  4:21-cr-06042-SMJ-01<br>     4:21-cr-06042-SMJ-02<br>     4:21-cr-06042-SMJ-03<br>     4:21-cr-06042-SMJ-04<br>     4:21-cr-06042-SMJ-09<br>     4:21-cr-06042-SMJ-13<br>     4:21-cr-06042-SMJ-14<br>     4:21-cr-06042-SMJ-15<br>     4:21-cr-06042-SMJ-20<br>     4:21-cr-06042-SMJ-21<br>     4:21-cr-06042-SMJ-23<br><br>**PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY AND SENSITIVE INFORMATION CONTAINED THEREIN** |

Before the Court are the United States' unopposed motions for protective orders, ECF Nos. 121, 164, and related motions to expedite, ECF Nos. 122, 165. After review of the motions and the file, the Court finds good cause for entering the protective order and therefore grants the motions.

Accordingly, it is **HEREBY ORDERED**:

1. The United States' unopposed motions for discovery protective order,

PROTECTIVE ORDER – 1

**ECF Nos. 121, 164**, are **GRANTED**, as is its second Motion to Expedite, **ECF No. 165**. The United States' first motion to expedite, **ECF No. 122**, is **DENIED AS MOOT**.

2. The United States is authorized to disclose Discovery in its possession and personal information material (hereinafter "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.

3. Government personnel and counsel for Defendants shall not provide, or make available, the Discovery to any person except as specified in this Order or by approval from this Court. Therefore, defense counsel and the Government shall restrict access to the Discovery, and shall only disclose the Discovery to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter.

4. Third parties contracted by the United States or defense counsel to provide expert analysis or testimony may possess and inspect the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of this Order.

5. Discovery in this matter will be made available to defense counsel via

PROTECTIVE ORDER – 2

access to a case file on USA File Exchange and defense-provided external hard drives due to the volume of material.  If necessary, to review discovery with the client, defense counsel may download the Discovery and duplicate only once. Discovery materials may not be left in the possession of the Defendant. In order to provide Discovery to a necessary third-party vendor, consultant, and/or anticipated fact or expert witness, defense counsel may duplicate the Discovery only once. No other copies shall be made, by defense counsel, the Defendant or the third-party, without prior approval from this Court.

6. To the extent that defense counsel makes any portion of the Discovery available in paper format to anyone, including his client, outside of counsel's office, defense counsel shall ensure that any and all sensitive and confidential information is redacted or removed.

7. All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including the Defendants, that obtains access to the Discovery is provided a copy of this Order. No other party that obtains access to or possession of the Discovery shall retain such access or possession unless authorized by this Order, nor further disseminate the Discovery except as authorized by this Order. Any other party that obtains access to, or possession of, the Discovery shall promptly destroy or return the Discovery once access to or possession of Discovery is no longer necessary. For purposes of this Order, "other

PROTECTIVE ORDER – 3

party" is any person other than counsel for the United States, counsel for Defendants, or the Defendants.

8.  All counsel of record, including counsel for the United States, shall keep a list to identify each person to whom the Discovery is disclosed and who was advised of the requirements of this Order. Neither counsel for each of the Defendants, nor the counsel for the United States, shall be required to disclose this list of persons unless ordered to do so by the Court.

9.  Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for Defendant shall retrieve and destroy all copies of the Discovery, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

10. Government personnel and counsel for Defendants shall promptly report to the Court any known violations of this Order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 6th day of January 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

PROTECTIVE ORDER – 4